Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavaro@donigerlawfirm.com
Nelson Campbell (SBN 357579)
ncampbell@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAUBER BROTHERS, INC., a New York corporation, <br><br> Plaintiff, <br><br> v. <br><br> JONATHON SIMKHAI INC., a New York corporation; BLOOMINDALES.COM, LLC, an Ohio limited liability corporation; COPLON'S, a North Carolina corporation; FARFETCH.COM LIMITED, a United Kingdom company; HARRODS GROUP (HOLDING) LIMITED, a United Kingdom private limited company; IMC GLOBAL, LLC, a Delaware limited liability company; ITALIST, INC., a Delaware corporation; THE NEIMAN MARCUS GROUP LLC, Delaware corporation; BERGDORF GOODMAN HOLDINGS LLC, a Delaware Limited Liability Company; NORDSTROM, INC.; a Washington corporation; REVOLVE GROUP, INC., a Delaware corporation; FWRD, LLC a California Limited | Case No.: <br><br> PLAINTIFF'S COMPLAINT FOR: <br><br> 1. COPYRIGHT INFRINGEMENT <br><br> 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br><br> <u>Jury Trial Demanded</u> |

Liability Company;  SAKS.COM LLC, a Delaware limited liability company; BOP, LLC, a Wisconsin limited liability company; TUCKERNUCK, INC., a Delaware corporation; INTERNATIONAL FASHION CONCEPTS INC., a New York Corporation, doing business as "BARAMI";  and DOES 1 through 10,

Defendants.

Plaintiff Klauber Brothers, Inc., a New York corporation, by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Klauber Brothers, Inc. ("Klauber" or "Plaintiff") is a corporation organized and existing under the laws of the State of New York with its principal places of business in New York and Los Angeles.

5. Plaintiff is informed and believes and thereon alleges that Defendant JONATHAN SIMKHAI INC ("Simkhai") is New York Corporation with its principal place of business at 653 N. La Cienega Blvd., West Hollywood, CA 90069, who does business in and with the state of California.

6.     Plaintiff is informed and believes and thereon alleges that Defendant BLOOMINDALES.COM, LLC ("Bloomingdales"), is an Ohio limited liability corporation with its principal place of business at 2807 Jackson Avenue, Long Island City, New York 11101, who does business in and with the state of California and is registered with the California Secretary of State.

7.     Plaintiff is informed and believes and thereon alleges that Defendant COPLON'S, is a North Carolina corporation with its principal place of business at 4825 Forest Drive, Columbia, South Carolina 29206, who does business in and with the state of California.

8.     Plaintiff is informed and believes and thereon alleges that Defendant FARFETCH.COM LIMITED ("Farfetch"), is a United Kingdom company with its principal place of business at 700 South Flower Street, 30th Floor, Los Angeles, California 90017, who does business in and with the state of California.

9.     Plaintiff is informed and believes and thereon alleges that Defendant HARRODS GROUP (HOLDING) LIMITED ("Harrods"), is a United Kingdom private limited company with its principal place of business at 87-135 Brompton Road, Knightsbridge, London, SW1X 7XL, who does business in and with the state of California.

10.    Plaintiff is informed and believes and thereon alleges that Defendant IMC GLOBAL, LLC ("IMC"), is a Delaware Limited Liability Corporation with its principal place of business at 9720 Wilshire Blvd., 6th Floor, Beverly Hills, California 90212, who does business in and with the state of California.

11.    Plaintiff is informed and believes and thereon alleges that Defendant ITALIST, INC. ("Italist"), is a Delaware corporation with its principal place of business at 626 Wilshire Blvd., Ste. 410 J45, Los Angeles California 90017, who does business in and with the state of California.

12.    Plaintiff is informed and believes and thereon alleges that Defendant THE NEIMAN MARCUS GROUP LLC ("Neiman"), is a Delaware corporation with its

principal place of business at 225 Liberty Street, New York, New York 10281, who does business in and with the state of California and is registered with the California secretary of state.

13.    Plaintiff is informed and believes and thereon alleges that Defendant Bergdorf Goodman Holdings LLC ("Bergdorf") is a Delaware limited liability company, who does business in and with the state of California. Upon information and belief, Bergdorf is owned in whole or in part by Neiman.

14.    Plaintiff is informed and believes and thereon alleges that Defendant NORDSTROM, INC. ("Nordstrom"), is a Washington corporation with its principal place of business at 1617 Sixth Avenue, Seattle, Washington 98101, who does business in and with the state of California and is registered with the California secretary of state.

15.    Plaintiff is informed and believes and thereon alleges that Defendant REVOLVE GROUP, INC. ("Revolve"), is a Delaware corporation with its principal place of business at 12889 Moore Street, Cerritos, California 90703, who does business in and with the state of California.

16.    Plaintiff is informed and believes and thereon alleges that Defendant FWRD, LLC is a California limited liability company with its principal place of business also at 12889 Moore Street, Cerritos, California 90703, who does business in and with the state of California. Upon information and belief, FWRD is owned in whole or in part by Revolve.

17.    Plaintiff is informed and believes and thereon alleges that Defendant SAKS.COM LLC ("Saks"), is a Delaware limited liability company with its principal place of business at 225 Liberty Street, 25th Floor, New York, New York 10281, who does business in and with the state of California and is registered with the California secretary of state.

18.    Plaintiff is informed and believes and thereon alleges that Defendant BOP, LLC ("BOP"), is a Wisconsin limited liability company with its principal place of

business at 1245 East Washington Avenue, Suite 300, Madison, Wisconsin 53703, who does business in and with the state of California and is registered with the California secretary of state.

19.    Plaintiff is informed and believes and thereon alleges that Defendant TUCKERNUCK, INC. ("Tuckernuck") (collectively with Simkhai, Bloomingdales, Bergdorf, Farfetch, Coplon's, FWRD, Harrods, IMC, Italist, Neiman, Nordstrom, Revolve, Saks, and BOP, the "Retailer Defendants"), is a Delaware corporation with its principal place of business at 3216 O Street Northwest, Washington, DC 20007, who does business in and with the state of California.

20.    Plaintiff is informed and believes and thereon alleges that Defendant INTERNATIONAL FASHION CONCEPTS INC., is a New York corporation that does business as "BARAMI" ("Barami") and does business in and with the state of California.

21.    Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments bearing lace manufactured with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

22.    Defendants Does 4 through 10, inclusive, (collectively with the Retailer Defendants, Barami, and Does 1 through 3, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or

otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

23.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN 3885

24.     Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design Number 3885 ("Subject Design").

25.     The Subject Design is an original creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

26.     Plaintiff applied for and received a Certificate of Registration from the United States Copyright Office covering the Subject Design.

27.     Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing the Subject Design to numerous parties in the fashion and apparel industries.

28.     Following this distribution of the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design and were selling fabric and garments bearing illegal reproductions and/or derivations of the Subject Design.

29.    Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Barami, Simkhai, and certain Doe Defendants, created, sold, offered for sale, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design ("Infringing Products").

30.    Plaintiff is informed and believes and thereon alleges that, after creating, selling, manufacturing, causing to be manufactured, and/or importing the Infringing Products, Barami, Simkhai, and certain Doe Defendants distributed the Infringing Products to the Retailer Defendants, who in turn sold them to the public without Plaintiff's permission, license, consent, or authorization.

31.    Below is a comparison of the Subject Design with exemplar Infringing Products, which feature segments of lace incorporating at least a portion of the exact same unauthorized copy of the Subject Design:

///

///

///

| **Subject Design** | **Exemplars of Infringing Products** |
|---|---|
| Klauber Design 3885 | Seller: Simkhai<br>Offending Product Label: Simkhai<br>Offending Product Name: "Black Kehlani Lace Bustier Top" |



Detail:



Garment:





Klauber Design 3885

Seller: Simkhai
Offending Product Label: Simkhai
Offending Product Name: "Signature Kehlani
Top Black Lace Bustier Top"

Detail:





Garment:



| Klauber Design 3885 | Seller: Simkhai<br>Offending Product Label: Simkhai<br>Offending Product Name: "Signature Kehlani Top" |
|---|---|

Detail:



Garment:







Klauber Design 3885



Seller: Simkhai
Offending Product Label: Simkhai
Offending Product Name: "Signature Kehlani
Bustier Top Beige Lace Bustier Top"

Detail:



| | Garment: |
|---|---|
| |   |

| Klauber Design 3885 | Seller: Bloomingdales.com, LLC<br>Offending Product Label: Simkhai<br>Offending Product Name: "Kehlani Lace Bustier Top" |
|---|---|
| | Detail:<br><br>Garment:<br> |



Klauber Design 3885

Seller: Coplon's
Offending Product Label: Simkhai
Offending Product Name: "Signature Kehlani Lace Bustier Top - Black"

Detail:





Garment:



| Klauber Design 3885 | Seller: Farfetch UK<br>Offending Product Label: Simkhai<br>Offending Product Name: "lace-embellished corset top" |
|---|---|
|  | Detail:<br><br>Garment:<br> |



Klauber Design 3885



Seller: Harrods Group (Holding) Limited
Offending Product Label: Simkhai
Offending Product Name: "Lace Kehlani Bustier Top"

Detail:



Garment:

| Klauber Design 3885 | Seller: IMG Global, Inc.<br>Offending Product Label: Simkhai<br>Offending Product Name: "Kehlani Lace<br>Bustier Top" |
|---|---|

Detail:



Garment:





| Klauber Design 3885 | Seller: Italist, Inc.<br>Offending Product Label: Simkhai<br>Offending Product Name: "Kehlani Topwear in Black Nylon" |

Klauber Design 3885

Seller: Italist, Inc.
Offending Product Label: Simkhai
Offending Product Name: "Kehlani Topwear in Black Nylon"



Detail:



Garment:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT

### Klauber Design 3885



Seller: The Neiman Marcus Group LLC
Offending Product Label: Simkhai
Offending Product Name: "Kehlani Sheer Lace Short-Sleeve Peplum Bustier Top"

Detail:

Garment:





Klauber Design 3885

Seller: The Neiman Marcus Group LLC
Offending Product Label: Simkhai
Offending Product Name: "Kehlani Sheer
Lace Short-Sleeve Peplum Bustier Top"

Detail:





Garment:



| Klauber Design 3885 | Seller: Bergdorf Goodman<br>Offending Product Label: Simkhai<br>Offending Product Name: "Kehlani Mock-Neck Bustier Lace Peplum Top" |
|---|---|
|  | Detail:<br> |

Garment:

| Klauber Design 3885 | Seller: Nordstrom, Inc.<br>Offending Product Label: Simkhai<br>Offending Product Name: "Kehlani Eyelash Lace Bustier Peplum Top" |
|---|---|
|  (left image — not cropped) | Detail:<br><br><br>Garment:<br> |



Klauber Design 3885



Seller: Revolve Group, Inc.
Offending Product Label: Simkhai
Offending Product Name: "Kehlani Lace Bustier Top"

Detail:



Garment:



| Klauber Design 3885 | Seller: Revolve Group, Inc.<br>Offending Product Label: Simkhai<br>Offending Product Name: "Kehlani Lace<br>Short Sleeve Bustier Top" |
|---|---|
|  | Detail:<br><br><br>Garment:<br> |



Klauber Design 3885

Seller: FWRD
Offending Product Label: Simkhai
Offending Product Name: "Lace Bustier Top"

Detail:





Garment:



| Klauber Design 3885 | Seller: Saks.com LLC<br>Offending Product Label: Simkhai<br>Offending Product Name: "Kehlani Lace Bustier Top" |
|---|---|
| | Detail: |
| |  |
| | Garment: |
| |  |



**Klauber Design 3885**



Seller: BOP, LLC
Offending Product Label: Simkhai
Offending Product Name: "Kehlani Lace
Bustier Top"

Detail:



Garment:



| Klauber Design 3885 | Seller: Tuckernuck, Inc.<br>Offending Product Label: Simkhai<br>Offending Product Name: "Black Kehlani Lace Bustier Top" |
|---|---|
|  | Detail:<br><br><br>Garment:<br> |

32.     The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the designs on the garments are substantially similar to the design at issue.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

33.     Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

34.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

35.     Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said

garments were composed of fabric which featured unauthorized designs that were identical or substantially similar to the Subject Design, or were illegal derivations or modifications thereof.

36.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a network of retail stores, catalogues, and through on-line websites.

37.     Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

38.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

39.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

40.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

///

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

41.    Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

42.    Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design by, *inter alia*, directing the manufacture of or selection and sourcing of materials and designs for Infringing Products or had agreements requiring the manufacture or sourcing of certain materials or designs, with the ability and right to supervise, direct, cancel, or otherwise modify its orders for the manufacture or purchase of the Infringing Products. Plaintiff is informed and believes and thereon alleges that Defendants had direct oversight or involvement in the sourcing of materials for and manufacture of the Infringing Products and thus knew, induced, caused, or materially contributed to the infringement of Plaintiff's rights as alleged herein. The true and complete extent to which Defendants were involved in a network of infringement with as of yet undiscovered Doe Defendants and/or direct infringers will be ascertained during discovery in this action.

43.    Plaintiff is informed and believes and thereon alleges that each of the Defendants had agreements such that each Defendant had oversight and control over the sourcing of laces affixed to the Infringing Products.

44.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

45. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

46. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design, in an amount to be established at trial.

47. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

## **Against All Defendants**

<u>With Respect to Each Claim for Relief</u>

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of

trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: December 3, 2025          By: */s/ Trevor W. Barrett*
                                 Trevor W. Barrett, Esq.
                                 Andres Navarro, Esq.
                                 Nelson Campbell, Esq.
                                 DONIGER / BURROUGHS
                                 Attorneys for Plaintiff